IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ABBY L. FISHER, individually and on behalf of all others similarly situated, | Case No: |
| Plaintiff, | Hon. |
| v. | |
| SNYDER'S-LANCE, INC. | |
| Defendant. | |

## COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Plaintiff, Abby L. Fisher ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned attorneys, hereby brings this collective action against Snyder's-Lance, Inc. ("Defendant"), to recover unpaid minimum wage compensation, unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief as appropriate under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, *et seq*. and seeking all available relief under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq*., the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. §§ 333.101 *et seq*., and state common law. Plaintiff's allegations herein are based upon knowledge as to matters relating to herself and upon information and belief as to all other matters.

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

1

2. Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

3. Defendant's annual sales exceed $500,000.00 and it has more than two employees, so the FLSA applies in this case on an enterprise basis. Defendant's employees engaged in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because the state law claims and the federal claim are so closely related that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue lies in this District pursuant to 28 U.S.C. § 1391 because the Defendant is subject to personal jurisdiction in this District.

## PARTIES

6. Plaintiff, Abby L. Fisher, is an adult resident of Pennsylvania, and was employed by Defendant from September 17, 2022, through June 24, 2023. Plaintiff's consent to joint form is attached as ***Exhibit A***.

7. Additional putative Collective members were or are employed by Defendant as hourly employees during the past three years and their consent forms will also be filed in this case.

8. Defendant is a North Carolina corporation with a principal place of business at One Campbell Place, Camden, New Jersey 08103.

9. Defendant is engaged in an "enterprise" through "common operations" and/or "common control" under the FLSA, 29 U.S.C. § 203(r)(1), subject to the provisions of 29 U.S.C. §§ 201, *et seq.*; 29 C.F.R. § 791.237.

10. Defendant's registered agent for purposes of service is the Corporation Service

Company located at 2626 Glenwood Ave., Suite 550, Raleigh, North Carolina 27608.

## FACTUAL ALLEGATIONS

11. Plaintiff worked for Defendant as a packer from September 17, 2022, through June 24, 2023.

12. Plaintiff worked for Defendant at its Hanover, Pennsylvania location.

13. Defendant employs packers, material handlers, machine operators, seasoning operators, and processors, who work at Defendant's three facilities in Pennsylvania, and at Defendant's locations in California, Florida, Georgia, Illinois, Indiana, North Carolina, Ohio, South Carolina, Texas, Virginia, and Wisconsin, who are paid an hourly wage, are classified by Defendant as eligible for overtime pay (collectively referred to herein as "Hourly Packers").

14. Plaintiff's most recent base hourly rate of pay was $18.79.

15. Prior to clocking in, Defendant required Plaintiff and the Hourly Packers to change into steel toe boots and put on safety PPE, which took 1-2 minutes each shift. Additionally, Plaintiff and the Hourly Packers were required to wash their hands and clean their safety gear before each shift, and before clocking in. This process took 2-3 minutes each shift.

16. Similarly, before clocking back in to Defendant's timekeeping system after their meal periods, Plaintiff and the Hourly Packers were required to wash their hands and clean their safety gear. This process took 2-3 minutes each shift.

17. Finally, at the end of each shift and after clocking out of Defendant's timekeeping system, Plaintiff and the Hourly Packers were required to remove earplugs and safety nets, and change into their regular shoes. This process took 1-2 minutes each shift.

18. Altogether, Plaintiff and the Hourly Packers spent approximately 6-10 minutes per day performing the pre-, mid- and post-shift off-the-clock tasks.

19. Defendant failed and refused to compensate Plaintiff and other Hourly Packers for the time spent performing the pre-, mid- and post-shift off-the-clock tasks.

20. Defendant prohibited Plaintiff and the Hourly Packers from donning or doffing at home.

21. Plaintiff and the Hourly Packers donned and doffed the same or substantially similar safety gear and PPE.

22. At all relevant times, Defendant directed and directly benefited from the work performed by Plaintiff and the Hourly Packers in connection with the above-described pre-, mid- and post-shift tasks, and was aware they were occurring off the clock and without compensation.

23. The pre-, mid- and post-shift tasks performed by Plaintiff and the Hourly Packers conferred a benefit on Defendant, and Defendant saved funds it would have spent had it paid Plaintiff and the Hourly Packers for the off-the-clock work.

24. At all relevant times, Defendant controlled the work schedules, duties, protocols, assignments and employment conditions of Plaintiff and the Hourly Packers.

25. At all relevant times, Defendant was able to track the amount of time Plaintiff and the Hourly Packers spent in connection with the pre-, mid- and post-shift tasks. However, Defendant failed to do so and failed to pay Plaintiff and the Hourly Packers for all of the work they performed.

26. At all relevant times, Defendant used its attendance and adherence policies against Plaintiff and the Hourly Packers in order to pressure them into performing the pre-, mid- and post-shift tasks without pay.

27. Defendant expressly trained and instructed Plaintiff and the Hourly Packers to perform pre-, mid- and post-shift tasks off-the-clock.

4

28. At all relevant times, Defendant's policies and practices deprived Plaintiff and the Hourly Packers of wages owed for the pre-, mid- and post-shift tasks they performed. Because Plaintiffs regularly worked 40 hours or more per week, Defendant's policies and practices also deprived them of overtime pay.

29. Defendant knew or should have known that the time spent by Plaintiff and the Hourly Packers in connection with the pre-, mid- and post-shift tasks was compensable under the law.

30. Despite knowing Plaintiff and the Hourly Packers performed the pre-, mid- and post-shift tasks, Defendant failed to make any effort to stop or disallow the off-the-clock work and instead suffered and permitted it to happen.

31. Depending on when the uncompensated work was performed, unpaid wages related to the pre-, mid- and post-shift tasks described herein are owed to Plaintiff and the Hourly Packers at the mandated overtime premium or at their standard rate of pay.

## FLSA COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on her own behalf and on behalf of:

*All current and former Hourly Packers who worked for Defendant at any of its facilities during the last three years.*

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition if necessary.

33. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the members of the FLSA Collective.

34. Excluded from the FLSA Collective are Defendant's executives and administrative and professional employees, including computer professionals and outside salespersons.

35. Consistent with Defendant's policy and pattern or practice, Plaintiff and the members of the FLSA Collective were not paid premium overtime compensation for all hours worked over 40 in a workweek.

36. Defendant assigned and/or was aware of all of the work that Plaintiff and members of the FLSA Collective performed.

37. As part of its regular business practices, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the members of the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

   a. Willfully failing to pay its employees, including Plaintiff and the members of the FLSA Collective, premium overtime wages for all hours worked in excess of 40 hours per workweek; and

   b. Willfully failing to record all of the time that its employees, including Plaintiff and the members of the FLSA Collective, worked for the benefit of Defendant.

38. Defendant is aware or should have been aware that federal law required it to pay Plaintiff and the members of the FLSA Collective overtime premiums for all hours worked in excess of 40 per workweek and at rates that included shift premium pay.

39. Defendant's unlawful conduct has been widespread, repeated, and consistent.

40. A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they were or are subject to the same or similar unlawful practices, policies, or plans; and (d) their claims are based upon the same factual and legal theories.

41. The employment relationships between Defendant and every proposed FLSA Collective member is the same. The key issues - the amount of uncompensated time to be paid for the pre-, mid- and post-shift tasks - do not vary substantially or materially among the proposed FLSA Collective members.

42. The members of the FLSA Collective would benefit from the issuance of a Court-supervised notice of this lawsuit and the opportunity to join it.

43. Court-supervised notice should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

44. Those employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

45. Plaintiff estimates the proposed FLSA Collective, including both current and former employees over the relevant period, will include thousands of workers. The precise number of FLSA Collective members should be readily ascertainable from a review of Defendant's personnel and payroll records.

## **RULE 23 PENNSYLVANIA CLASS ACTION ALLEGATIONS**

46. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(3) on her own behalf and on behalf of:

> ***All current and former Hourly Packers who worked for Defendant at any of its Pennsylvania facilities during the applicable statute of limitations period in Pennsylvania.***

(hereinafter referred to as the "Rule 23 Pennsylvania Class"). Plaintiff reserves the right to amend the putative class definition if necessary.

47. This action is properly maintained as a class action pursuant to Fed. R. Civ. P. 23.

48. The members of the Rule 23 Pennsylvania Class are so numerous that joinder of all Rule 23 Pennsylvania Class members in this case would be impractical. Plaintiff reasonably

7

estimates there are dozens, if not hundreds, of Rule 23 Pennsylvania Class members. Rule 23 Pennsylvania Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

49. There is a well-defined community of interest among Rule 23 Pennsylvania Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Pennsylvania Class. These common legal and factual questions include, but are not limited to, the following:

      a. Whether the time Rule 23 Pennsylvania Class members spent on pre-, mid- and post-shift tasks "off the clock" for each shift is compensable time; and

      b. Whether Rule 23 Pennsylvania Class members are owed wages for time spent performing off-the-clock work activities, and, if so, the appropriate amount thereof.

50. Plaintiff's claims are typical of those of the Rule 23 Pennsylvania Class in that she and all other Rule 23 Pennsylvania Class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. Plaintiff's claims arise from the same policies, practices, promises and course of conduct as all other Rule 23 Pennsylvania Class members' claims, and her legal theories are based on the same legal theories as all other Rule 23 Pennsylvania Class members.

51. Plaintiff will fully and adequately protect the interests of the Rule 23 Pennsylvania Class and has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Neither Plaintiff nor her counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Pennsylvania Class.

52. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because, *inter alia*, it is economically infeasible for Rule 23 Pennsylvania Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

Prosecution of this case as a class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the nation.

53. This case will be manageable as a class action. Plaintiff and her counsel know of no unusual difficulties in this case, and Defendant has advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

54. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) ("By its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

55. Because Defendant acted and refused to act on grounds that apply generally to the Rule 23 Pennsylvania Class and declaratory relief is appropriate in this case with respect to the Rule 23 Pennsylvania Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## RULE 23 NATIONWIDE CLASS ACTION ALLEGATIONS

56. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(3) on her own behalf and on behalf of:

> ***All current and former Hourly Packers who worked for Defendant at any of its facilities during the applicable statute of limitations period.***

(hereinafter referred to as the "Rule 23 Nationwide Class"). Plaintiff reserves the right to amend the putative class definition if necessary.

57. The Rule 23 Nationwide Class members are so numerous that joinder of all Rule 23 Nationwide Class members in this case would be impractical. Plaintiff reasonably estimates there are thousands of Rule 23 Nationwide Class members. Rule 23 Nationwide Class members

should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

58. There is a well-defined community of interest among Rule 23 Nationwide Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Nationwide Class. These common legal and factual questions include, but are not limited to, the following:

   a. Whether the time Rule 23 Pennsylvania Class members spent on pre-, mid- and post-shift tasks "off the clock" for each shift is compensable time;

   b. Whether Rule 23 Pennsylvania Class members are owed wages for time spent performing off-the-clock work activities, and, if so, the appropriate amount thereof; and

   c. Whether Defendant's non-payment of wages for all compensable time and regular rate violations constitutes breach of contract or unjust enrichment.

59. Plaintiff's claims are typical of the Rule 23 Nationwide Class members' claims because Plaintiff and all other Rule 23 Nationwide Class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. Plaintiff's claims arise from the same policies, practices, promises and course of conduct as all other Rule 23 Nationwide Class members' claims, and his legal theories are based on the same legal theories as all other Rule 23 Nationwide Class members.

60. Plaintiff will fully and adequately protect the interests of the Rule 23 Nationwide Class and has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Neither Plaintiff nor her counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Nationwide Class.

61. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because, *inter alia*, it is economically infeasible for Rule 23 Nationwide Class members to prosecute individual actions of their own given the relatively small

amount of damages at stake for each individual along with the fear of reprisal by their employer. Prosecution of this case as a class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the nation.

62. This case will be manageable as a class action. Plaintiff and her counsel know of no unusual difficulties in this case, and Defendant has advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

63. Because the elements of Fed. R. Civ. P. 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Associates, P.A.*, 559 U.S. at 398 ("By its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

64. Because Defendant acted and refused to act on grounds that apply generally to the Rule 23 Nationwide Class and declaratory relief is appropriate in this case with respect to the Rule 23 Nationwide Class as a whole, class certification under Fed. R. Civ. P. 23(b)(2) is also appropriate.

**COUNT I**
**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT,**
**29 .S.C. § 201,** *et seq***. -- FAILURE TO PAY OVERTIME**

65. Plaintiff re-alleges and incorporates all previous paragraphs herein.

66. At all times relevant to this action, Defendant was engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

67. At all times relevant to this action, Plaintiff and the members of the FLSA Collective were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

68. Plaintiff and the members of the FLSA Collective, by virtue of their job duties and

11

activities actually performed, are all non-exempt employees.

69. Plaintiff and the members of the FLSA Collective either: (1) engaged in commerce; (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

70. At all times relevant to this action, Defendant "suffered or permitted" Plaintiff and the members of the FLSA Collective to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

71. At all times relevant to this action, Defendant required Plaintiff and the members of the FLSA Collective to perform unpaid off-the-clock work in connection with their pre-, mid- and post-shift tasks, but failed to pay these employees the federally mandated overtime compensation for the off-the-clock work.

72. The off-the-clock work performed every shift by Plaintiff and the members of the FLSA Collective is an essential part of their jobs, and these activities and the time associated with these activities are not *de minimis*.

73. In workweeks where Plaintiff and other FLSA Collective members worked over 40 hours, Defendant failed to compensate Plaintiff and the FLSA Collective members for the unpaid off-the-clock work time, and all other overtime, at the federally mandated rate of one and one-half times each employee's regular hourly wage. 29 U.S.C. § 207.

74. Defendant's violations of the FLSA were knowing and willful. Defendant knew or could have determined how long it takes Plaintiff and the members of the FLSA Collective to perform their off-the-clock work. Further, Defendant could have easily accounted for and properly paid Plaintiff and the members of the FLSA Collective for these work activities, but deliberately chose not to.

12

75. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (including unpaid overtime), plus an additional equal amount in liquidated damages (double damages), plus costs, reasonable attorneys' fees, and pre- and post-judgment interest.

**COUNT II**
**RULE 23 PENNSYLVANIA CLASS ACTION**
**VIOLATIONS OF THE PENNSYLVANIA MINIMUM WAGE ACT,**
**43 P.S. §§ 333.101, *et seq*. AND PENNSYLVANIA WAGE PAYMENT AND COLLECTION**
**LAW, 43 P.S. §§ 333.101, *et seq*. – ("PENNSYLVANIA WAGE ACTS")**

76. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

77. At all times relevant to the action, Defendant was an employer covered by the overtime and wage mandates of the Pennsylvania Wage Acts, and Plaintiff and the Rule 23 Pennsylvania Class were employees entitled to the Pennsylvania Wage Acts' protections. *See* 43 P.S. § 333.103.

78. The Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.* requires employers to pay their employees minimum wages and time-and-a-half their regular rate of pay of hours worked in excess of 40 per week. *See* 43 P.S. § 333.104).

79. 43 P.S. § 333.113 provides that an employee who is not paid in accordance with the Pennsylvania Minimum Wage Act may bring a civil action to recover all unpaid amounts, plus costs and reasonable attorneys' fees.

80. The Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1, *et seq.* requires that "[e]very employer shall pay all wages, other than fringe benefits and wage supplements, due to his employes on regular paydays designated in advance by the employer." 43 P.S. § 260.3(a).

81. Under 43 P.S. § 260.9a, an employee aggrieved by an employer's violation of the

13

Pennsylvania Wage Payment and Collection Law may bring a civil action to recover all unpaid amounts, plus liquidated damages, costs and reasonable attorneys' fees. *See also* 43 P.S. § 260.10.

82. The Pennsylvania Wage Acts entitle employees to compensation for every hour worked in a workweek. *See* 43 P.S. § 333.103.

83. Defendant violated the PMWA by failing to pay Plaintiff and the Rule 23 Pennsylvania Class members overtime premium compensation for time associated with the work activities described in this Complaint.

84. Defendant's uniform policy and practice, as described above, was/is willful, intentional, unreasonable, arbitrary, and in bad faith.

85. As a result, Plaintiff and Rule 23 Pennsylvania Class have and will continue to suffer loss of income and other damages. Accordingly, Plaintiff and the Rule 23 Pennsylvania Class members are entitled to recover unpaid wages owed, plus costs and attorneys' fees, and other appropriate relief under the Pennsylvania Wage Acts at an amount to be proven at trial.

## COUNT III
## RULE 23 CLASS ACTION
## BREACH OF CONTRACT

86. Plaintiff re-alleges and incorporates all previous paragraphs herein and further allege as follows.

87. At all times relevant to this action, Defendant had a binding and valid contract with Plaintiff and every other Rule 23 Nationwide Class member to pay each employee for each hour they worked at a pre-established (contractual) regular hourly rate, plus overtime pay for hours worked over 40 in a workweek, in consideration of the work duties Plaintiff and the Rule 23 Nationwide Class members performed on Defendant's behalf.

88. For example, Defendant offered to compensate Plaintiff at a minimum of $18.79 per hour if she agreed to perform services for Defendant as a packer. Plaintiff accepted Defendant's

14

offer and performed under the contract by fulfilling her duties as a packer.

89. Evidence of these contracts include Defendant's letters offering employment, pay statements, Defendant's Employee Handbook and other documentary evidence in Defendant's possession. Additionally, Defendant made verbal offers for payment at a specified, above minimum wage for work, which Plaintiff accepted and performed, including the unpaid pre-, mid and post-shift tasks described herein, but Defendant failed to perform by paying Plaintiff and the Rule 23 Nationwide Class members the promised wages for all work.

90. Upon information and belief, each Rule 23 Nationwide Class member, including Plaintiff, was contractually entitled to a minimum hourly rate within the applicable period.

91. Plaintiff and every other Rule 23 Nationwide Class member accepted the terms of Defendant's contractual promises contained in Defendant's offer letters and performed under the contracts by doing their jobs and carrying out the work they performed each shift, which included the unpaid off-the-clock work that was required of them in connection with the pre-, mid- and post-shift tasks described herein.

92. Defendant breached its contractual promises by failing to pay Plaintiff and the Rule 23 Nationwide Class members at their fixed, agreed upon hourly rate for *all* of the hours worked.

93. By not paying Plaintiff and every other Rule 23 Nationwide Class member the agreed upon hourly wage for the work they performed each shift in connection with the off-the-clock work described herein, Defendant systematically breached its contracts with Plaintiff and each member of the Rule 23 Nationwide Class.

94. Defendant can easily ascertain the amount of damages owed to Plaintiff and the Rule 23 Nationwide Class members based on the allegations made in this Complaint (specifically the amount of off-the-clock work claimed each shift) in conjunction with Defendant's payroll

records, which will provide the number of shifts worked by each Rule 23 Nationwide Class member.

95. Plaintiff and the Rule 23 Nationwide Class members' remedies under the FLSA are inadequate in this case to the extent Defendant paid them *more* than the federally mandated minimum wage of $7.25 per hour, but less than 40 hours per week (*i.e.*, pure "gap time" claims for non-overtime hours/workweeks).

96. Defendant also breached its duty of good faith and fair dealing by failing to keep track of the time Plaintiff and other Rule 23 Nationwide Class members spent performing off-the-clock activities, which is a fundamental part of an "employer's job."

97. As a direct and proximate result of Defendant's contractual breaches, Plaintiff and the Rule 23 Nationwide Class members were damages in an amount to be determined at trial.

## COUNT IV
## RULE 23 CLASS ACTION
## UNJUST ENRINCHMENT

98. Plaintiff re-alleges and incorporate all previous paragraphs herein and further allege as follows.

99. This Count is pled in the alternative to Count III, *supra*, pursuant to Fed. R. Civ. P. 8(d)(2)-(3).

100. At all times relevant to this action, Defendant promised Plaintiff and every other Rule 23 P Nationwide Class member a pre-established hourly rate in consideration for the work duties Plaintiff the Rule 23 Nationwide Class members performed for the benefit of Defendant.

101. Plaintiff and every other Rule 23 Nationwide Class member relied upon Defendant's promise for the pre-established hourly rate and performed by doing their jobs and carrying out their required work duties.

102. Defendant received a benefit from the mandatory pre-shift work in that these

services allowed Defendant to ensure their data and client security.

103. Despite this, Defendant did not pay Plaintiff and the Rule 23 Nationwide Class members for these services.

104. By not paying Plaintiff and every other Rule 23 Nationwide Class member the agreed upon hourly wage for the mandatory pre-, mid- and post-shift tasks performed each shift, Defendant was unjustly enriched. Defendant was also unjustly enriched by failing to pay all wages owed to Plaintiff and the Rule 23 Nationwide Class by not paying their overtime rate when off-the-clock work caused the Rule 23 Nationwide Class to exceed 40 hours per work week.

105. Plaintiff and the Rule 23 Nationwide Class members performed mandatory pre-shift work activities and overtime at the request of, without objection by, and for the benefit of Defendant.

106. Defendant received and accepted the overtime and pre-, mid- and post-shift work from Plaintiff and every other Rule 23 Nationwide Class member and enjoyed the benefits derived therefrom, including increased profits, without having paid for the same.

107. Upon information and belief, Defendant used the monies owed but not paid to Plaintiff and every Rule 23 Nationwide Class member to finance its various business ventures or pay its equity owners.

108. Defendant has been unjustly enriched by the retention of monies received pursuant to the services Plaintiff and the Rule 23 Nationwide Class members performed for Defendant's benefit without having paid Plaintiff and the Rule 23 Nationwide Class members for the same.

109. Plaintiff and the Rule 23 Nationwide Class members suffered detriment due to Defendant's failure to pay them for the mandatory pre-, mid- and post-shift tasks described herein, in that Plaintiff and the Rule 23 Nationwide Class members were deprived of the ability to utilize

that time, effort, and their resources in a profitable manner.

110.    As a direct and proximate result of Defendant's actions, Plaintiff and every other Rule 23 Nationwide Class member suffered damages, including but not limited to, loss of wages.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, request the following relief:

- a. Designation of this action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and an order directing Defendant to provide Plaintiff a list of all current and former Hourly Packers who worked for Defendant at any time in the past three years. This list shall include the last known addresses, emails, and telephone numbers of each such person, so that Plaintiff can give those individuals notice of this action and an opportunity to make an informed decision about whether to join and seek to recover their unpaid wages;

- b. An Order designating Plaintiff as representative of the FLSA Collective, and the undersigned as counsel for the same;

- c. An Order certifying this action (for the Rule 23 Pennsylvania Class) pursuant to Rule 23(b)(3) with respect to Plaintiff's state law claims under the Pennsylvania Wage Acts (Count II).

- d. An Order certifying this action as a class action (for the Rule 23 Nationwide Class) pursuant to Rule 23(b)(3) with respect to Plaintiff's breach of contract and unjust enrichment claims (Counts III and IV);

- e. A complete accounting of all the compensation Plaintiff and all others similarly situated are owed;

- f. An Order declaring Defendant violated the FLSA;

- g. An Order declaring Defendant's violations of the FLSA were willful;

- h. An Order declaring Defendant violated Pennsylvania wage and hour law;

- i. An Order declaring Defendant breached its contracts with Plaintiff and the members of the Rule 23 Nationwide Class (or, in the alternative, that Defendant was unjustly enriched) by failing to pay them for mandatory pre-, mid- and post-shift tasks described herein at a pre-established (contractual) regularly hourly rate;

j.  An Order granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff, the FLSA Collective, the Rule 23 Pennsylvania Class, and the Rule 23 Nationwide Class the full amount of damages and liquidated damages available by law;

k.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

l.  A monetary judgment awarding full back pay and an equal amount in liquidated damages;

m.  An award of pre- and post-judgment interest;

n.  An award of costs and expenses of this action together with reasonable attorneys' fees, and an award of service payments to the named Plaintiff; and

o.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and all others similarly situated hereby demand a trial by jury on all issues in this Complaint that are so triable as a matter of right.

Date: January 23, 2025

Respectfully submitted,

/s/ *James J. Mills*
James J. Mills (NC Bar No. 36529)
Burns, Day & Presnell, P.A.
P.O. Box 10867
Raleigh, North Carolina 27608
(919) 782-1441
jmills@bdppa.com

Kevin J. Stoops (P64371)
**SOMMERS SCHWARTZ, P.C.**
One Town Square, 17th Floor
Southfield, Michigan 48076
(248) 355-0300
kstoops@sommerspc.com

Jonathan Melmed (CA SBN 290218)

19

Meghan Higday (332908) (CA SBN 334626)
**MELMED LAW GROUP, P.C.**
1801 Century Park East, Suite 850
Los Angeles, CA 90067
(310) 824-3828
jm@melmedlaw.com
mh@melmedlaw.com

*Attorneys for Plaintiffs and the Proposed Collective*