IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ABBY L. FISHER, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:25-cv-00049 |
| SNYDER'S-LANCE, INC., | ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT'S ANSWER AND DEFENSES TO**
**COLLECTIVE ACTION COMPLAINT**

COMES NOW Defendant Snyder's-Lance, Inc. ("Defendant"), by and through its counsel, and timely responds to the Collective Action Complaint ("Complaint") filed by Plaintiff Abby L. Fisher ("Plaintiff"), as follows:

Regarding the unnumbered introductory paragraphs on page 1 of the Complaint, Defendant admits that Plaintiff purports to bring this action on behalf of herself and others under the Fair Labor Standards Act ("FLSA"), the Pennsylvania wage laws, and "state law," but denies any violation of the cited statutes or causes of action, denies Plaintiff or any alleged putative collective or class action members have stated a claim upon which relief can be granted, denies Plaintiff or others are entitled to any substantive or procedural relief whatsoever, and denies any remaining allegations in these unnumbered paragraphs.

**JURISDICTION AND VENUE**

1. Defendant admits that this Court has subject matter jurisdiction over Plaintiff's FLSA claims but denies the substance of those claims.

2. Defendant admits only that this Court has jurisdiction over Plaintiff's collective action FLSA claim but denies that this case should proceed as a collective action.

3. Defendant admits the allegations in Paragraph 3.

4. Defendant denies the allegations in Paragraph 4.

5. Defendant admits the allegations in Paragraph 5.

## PARTIES

6. Defendant admits the allegations in Paragraph 6.

7. Defendant denies that this matter should proceed as a collective and therefore denies the allegations in Paragraph 7.

8. Defendant admits the allegations in Paragraph 8.

9. Defendant admits that it is subject to the FLSA, but denies the remaining allegations in Paragraph 9.

10. Defendant admits the allegations in Paragraph 10.

## FACTUAL ALLEGATIONS

11. Defendant admits the allegations in Paragraph 11.

12. Defendant admits the allegations in Paragraph 12.

13. Defendant admits that it employs workers in various job titles, including packers, certain types of machine operators, and seasoning operators who are paid an hourly wage and eligible for overtime when they work in excess of forty hours in a workweek. Defendant denies the remaining allegations in Paragraph 13.

14. Defendant admits the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

2

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant admits that it generally sets the work schedules, duties, protocols, assignments and employment conditions for Plaintiff and other of its hourly employees. Defendant denies the remaining allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

### FLSA COLLECTIVE ACTION ALLEGATIONS

32. Defendant admits only that Plaintiff seeks to bring this matter as a collective and seeks to represent the proposed FLSA Collective set forth in Paragraph 32. Defendant denies that this matter should proceed as a collective and further denies all remaining allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant admits that Plaintiff seeks to exclude certain exempt employees from the FLSA Collective but denies the existence of any collective and denies the remaining allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies any violation of the FLSA and therefore denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies that any collective should proceed, and therefore denies the allegations in Paragraph 44.

45. Defendant denies that any collective should proceed, and therefore denies the allegations in Paragraph 45.

## RULE 23 PENNSYLVANIA CLASS ACTION ALLEGATIONS

46. Defendant admits only that Plaintiff purports to bring a Rule 23 claim on behalf of the alleged "Rule 23 Pennsylvania Class" but denies that any Rule 23 class should proceed and further denies the remaining allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

4

50. Defendant denies the allegations of Paragraph 50.

51. Defendant denies the allegations of Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

## RULE 23 NATIONWIDE CLASS ACTION ALLEGATIONS

56. Defendant admits only that Plaintiff purports to bring a Rule 23 claim on behalf of the alleged "Rule 23 Nationwide Class" but denies that any Rule 23 class should proceed and further denies the remaining allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

## COUNT I
## [ALLEGED] VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 [U].S.C., *et seq.* – [ALLEGED] FAILURE TO PAY OVERTIME

65. Defendant re-asserts and incorporates its responses to all previous paragraphs herein.

66. Defendant admits the allegations in Paragraph 66.

67. Defendant admits that from approximately September 2022 to June 2023, Plaintiff was an "employee" of Defendant for purposes of the FLSA. Defendant denies the existence of any FLSA Collective and denies the remaining allegations in Paragraph 67.

68. Defendant admits only that Plaintiff was a non-exempt employee during the course of her employment with Defendant. Defendant denies the existence of any FLSA Collective and denies the remaining allegations in Paragraph 68.

69. Defendant admits the allegations in Paragraph 69 as they pertain to Plaintiff only. Defendant denies the existence of any FLSA Collective and denies the remaining allegations in Paragraph 69.

70. Defendant admits only that Plaintiff was employed by Defendant at its Hanover, Pennsylvania facility from approximately September 2022 to June 2023, and that Defendant employs other workers at its facilities in the United States. Defendant denies the existence of any collective, and therefore denies all allegations relating to the "FLSA Collective," and denies the remaining allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72.

73. Defendant denies the allegations in Paragraph 73.

74. Defendant denies the allegations in Paragraph 74.

75. Defendant denies the allegations in Paragraph 75.

### COUNT II
### RULE 23 PENNSYLVANIA CLASS ACTION
### VIOLATIONS OF THE PENNSYLVANIA MINIMUM WAGE ACT,
### 43 P.S.§§333.101 *et seq.* – ("PENNSYLVANIA WAGE ACTS")

76. Defendant incorporates its responses to the foregoing paragraphs as if fully set forth herein.

77. Defendant admits that during Plaintiff's employment with Defendant, Plaintiff was Defendant's employee for purposes of the Pennsylvania wage laws. Defendant denies the existence of any "Rule 23 Pennsylvania Class," and denies the remaining allegations in Paragraph 77.

78. The cited provisions of Pennsylvania law speak for themselves, and Defendant denies any violation of Pennsylvania law.

79. The cited provisions of Pennsylvania law speak for themselves, and Defendant denies any violation of Pennsylvania law.

80. The cited provisions of Pennsylvania law speak for themselves, and Defendant denies any violation of Pennsylvania law.

81. The cited provisions of Pennsylvania law speak for themselves, and Defendant denies any violation of Pennsylvania law.

82. The cited provisions of Pennsylvania law speak for themselves, and Defendant denies any violation of Pennsylvania law.

83. Defendant denies the allegations in Paragraph 83.

84. Defendant denies the allegations in Paragraph 84.

85. Defendant denies the allegations in Paragraph 85.

**COUNT III**
**RULE 23 CLASS ACTION**
**BREACH OF CONTRACT**

86. Defendant reasserts and incorporates its responses to the foregoing paragraphs as if fully set forth herein.

87. Defendant denies the allegations in Paragraph 87.

7

88. Defendant denies that it offered Plaintiff "a minimum of $18.79 per hour" at hire, and further denies the remaining allegations in Paragraph 88.

89. Defendant denies the allegations in Paragraph 89.

90. Defendant denies the allegations in Paragraph 90.

91. Defendant denies the allegations in Paragraph 91.

92. Defendant denies the allegations in Paragraph 92.

93. Defendant denies the allegations in Paragraph 93.

94. Defendant denies the allegations in Paragraph 94.

95. Defendant denies the allegations in Paragraph 95.

96. Defendant denies the allegations in Paragraph 96.

97. Defendant denies the allegations in Paragraph 97.

**COUNT IV**
**RULE 23 CLASS ACTION**
**UNJUST ENRICHMENT**

98. Defendant reasserts and incorporates its responses to the foregoing paragraphs as if fully set forth herein.

99. Defendant admits that Plaintiff pleads Count IV in the alternative, but denies the substance of the claim.

100. Defendant denies the allegations in Paragraph 100.

101. Defendant denies the allegations in Paragraph 101.

102. Defendant denies the allegations in Paragraph 102.

103. Defendant denies the allegations in Paragraph 103.

104. Defendant denies the allegations in Paragraph 104.

105. Defendant denies the allegations in Paragraph 105.

8

106. Defendant denies the allegations in Paragraph 106.

107. Defendant denies the allegations in Paragraph 107.

108. Defendant denies the allegations in Paragraph 108.

109. Defendant denies the allegations in Paragraph 109.

110. Defendant denies the allegations in Paragraph 110.

## RELIEF REQUESTED

Defendant denies that all relief requested by Plaintiff in this action, both substantive and procedural, is warranted or appropriate in this matter and denies all relief sought by Plaintiff.

## DEMAND FOR JURY TRIAL

Defendant acknowledges that Plaintiff has requested a jury trial but denies the existence of sufficient issues to send Plaintiff's claims to a jury.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Defendant denies all other allegations not specifically admitted herein. Without assuming any burden of proof, persuasion, or production otherwise legally assigned to it as to any element of the claims alleged in Plaintiff's Complaint, Defendant asserts the following defenses:

### FIRST DEFENSE

Some or all of Plaintiffs' claims fail to state a claim upon which relief can be granted, especially those as set forth in Defendant's Motion to Dismiss and Strike, incorporated herein by reference.

### SECOND DEFENSE

The Complaint is barred, in part, by all applicable statutes of limitation, including, but not limited to, 29 U.S.C. § 255.

9

## THIRD DEFENSE

The Complaint, and each purported cause of action set forth therein, is barred in whole, or in part, by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff and others with whom she was allegedly "similarly situated" were engaged in activities that were not compensable under the FLSA and were not their principal activities or an integral and indispensable part of their principal activities, including non-compensable activities that were preliminary or postliminary to their principal activities, and walking to and from the actual place of performance of the principal activities.

## FOURTH DEFENSE

Some, or all, of the disputed time for which Plaintiff and others with whom she is allegedly "similarly situated" involves wages purportedly owed for time that is not compensable pursuant to the *de minimis* doctrine and rounding regulations.

## FIFTH DEFENSE

With respect to some or all claims brought by Plaintiff and others with whom she alleges are "similarly situated," Defendant affirmatively pleads that any acts or omissions which may be found to be in violation of the rights afforded by the FLSA and/or state law, which Defendant expressly denies, were not willful, but occurred with reasonable grounds for believing that Defendant was in full compliance with the FLSA and/or any applicable contract or law.

## SIXTH DEFENSE

Plaintiff and others with whom she is allegedly "similarly situated" may not recover liquidated damages under the FLSA because: (i) Defendant (including its officers, managers, and agents) acted reasonably and in good faith and did not commit any willful violation of any of the provisions of the FLSA; (ii) Defendant (including its officers, managers, and agents) did not authorize or ratify any willful violations with respect to Plaintiff and others with whom she is allegedly

10

"similarly situated;" and (iii) Plaintiff and others with whom she is allegedly "similarly situated" have failed to plead facts sufficient to support recovery of such damages.

## SEVENTH DEFENSE

The Complaint is barred in whole, or in part, by § 10 of the Portal-to-Portal Act, 29 U.S.C. § 259 because Defendant relied in good faith on, and acted in conformity with, written interpretations of the FLSA promulgated by the Secretary of Labor and on the stated administrative practices and enforcement policies of the Department of Labor.

## EIGTH DEFENSE

Plaintiff may not maintain this action under 29 U.S.C. § 216 because she is not "similarly situated" to any other employee for purposes of the allegations and claims made in this lawsuit.

## NINTH DEFENSE

Plaintiff and others with whom she is allegedly "similarly situated" may not pursue any claims in this action on behalf of anyone who has not joined this action, or consented to join this action, under 29 U.S.C. § 216(b).

## TENTH DEFENSE

The Seventh and Fourteenth Amendments to the United States Constitution prohibit a jury from determining Defendant's liability and/or damages, if any, to Plaintiff and others with whom she is allegedly similarly situated on a group or aggregated basis.

## ELEVENTH DEFENSE

To the extent Plaintiff and others with whom she is allegedly "similarly situated" are entitled to damages, which Defendant denies, Defendant is entitled to a credit for, or set off against, amounts overpaid to them and to a credit for overtime and other premium payments already made to them, such as daily overtime payments, double time payments, and other applicable premium payments in excess of what the FLSA and/or state law requires.

11

## TWELFTH DEFENSE

Plaintiff and others with whom she is allegedly "similarly situated" have failed to mitigate or reasonably attempt to mitigate their alleged damages, if any.

## THIRTEENTH DEFENSE

Plaintiff and others with whom she is allegedly "similarly situated" are precluded from recovering any amounts from Defendant because they were paid everything legally due under the FLSA and state law.

## FOURTEENTH DEFENSE

Plaintiff's claims and the claims of others with whom she is allegedly "similarly situated" are barred by the doctrine of laches.

## FIFTEENTH DEFENSE

Plaintiff and others with whom she is allegedly "similarly situated" are barred from pursuing some, or all, of their claims or remedies by the doctrine of unclean hands.

## SIXTEENTH DEFENSE

The claims set forth in the Complaint are barred, in whole, or in part, by the doctrine of payment because (i) Defendant properly compensated Plaintiff and others with whom she is allegedly "similarly situated" for all time worked in accordance with the FLSA; and (ii) Defendant paid Plaintiff and others with whom she is allegedly "similarly situated" for additional time including, without limitation, premium payments as recognized under 29 U.S.C. § 207(e) and for time paid but not worked by Plaintiff and others with whom she is allegedly "similarly situated."

## SEVENTEENTH DEFENSE

Plaintiff and others with whom she is allegedly "similarly situated" are not entitled to compensation for hours they purportedly worked without Defendant's actual or constructive knowledge.

**EIGHTEENTH DEFENSE**

Plaintiff and others with whom she is allegedly "similarly situated" have waived their right, if any, to pursue the claims in the Complaint, and each purported cause of action contained therein, by reason of their own acts, omissions, and course of conduct.

**TWENTIETH DEFENSE**

Plaintiff's claims in Counts Two, Three, and Four of the Complaint cannot and should not be maintained on a class-action basis because those claims, and each of them, fail to meet the necessary requirements for class certification, including *inter alia*, numerosity, commonality, typicality, predominance, superiority, and adequacy of the class representative(s).

**TWENTY-FIRST DEFENSE**

Plaintiff's claims in Count Two should be dismissed based on the "first to file" rule relating to an earlier filed putative class action.

**TWENTY-SECOND DEFENSE**

Plaintiff lacks Article III standing to assert the non-Pennsylvania claims in Counts Three and Four.

**TWENTY-THIRD DEFENSE**

Class action certification is inappropriate in this action because the alleged members are not too numerous to join as parties and the joinder is practicable as a matter of law.

**TWENTY-FOURTH DEFENSE**

Plaintiff has interests that conflict with those of the putative class members.

**TWENTY-FIFTH DEFENSE**

Plaintiff is an inadequate class representative because of the highly fact-specific and individualized nature of determining the claims in Counts Two, Three and Four of the Complaint.

13

## TWENTY-SIXTH DEFENSE

Plaintiff's alleged damages (and those of any other person or class of persons) are barred to the extent they are duplicative and/or barred by the doctrine of double-recovery. For example, Plaintiff cannot recover compensation for the same alleged underpaid or unpaid wages under both the FLSA and any other statute or law.

## TWENTY-SEVENTH DEFENSE

Plaintiff's state law claims are preempted by the FLSA and/or other federal laws.

## TWENTY-EIGHTH DEFENSE

Plaintiff and/or members of the putative class have not demonstrated the existence of a valid, enforceable contract with Defendant. Any alleged agreement is invalid, void, or unenforceable due to lack of mutual assent, failure to meet the essential elements of contract formation, or the presence of other legal defects such as fraud, duress, or lack of consideration.

## TWENTY-NINTH DEFENSE

To the extent Plaintiff can demonstrate the existence of a valid, enforceable contract with Defendant, her claim for unjust enrichment is precluded by the existence of such contract.

## THIRTIETH DEFENSE

Defendant presently has insufficient knowledge or information to form a belief as to whether it may have additional, as yet unstated, affirmative or other defenses available. Defendant reserves the right to add additional defenses as revealed through discovery.

Respectfully submitted this the 7th day of April, 2025.

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.

*/s/ Michael D. Ray*
Michael D. Ray (N.C. Bar No. 52947)
201 South College Street, Suite 2300
Charlotte, North Carolina 28244
Telephone: 704.405.3133
Facsimile: 704.342.4379
E-mail: michael.ray@ogletree.com


Richard L. Etter, *Pro Hac Vice Application
Forthcoming*
One PPG Place, Suite 1900
Pittsburgh, PA 15222
Telephone: 412.230.8963
E-mail: rick.etter@ogletree.com

*Attorneys for Defendant*

15

## <u>Certificate of Service</u>

I, Michael D. Ray, hereby certify that I have e-filed this ANSWER via the Court's ECF

System, which will serve notice upon all attorneys of record, including the counsel set forth below:

James J. Mills
Burns, Day & Presnell, P.A.
P.O. Box 10867
Raleigh, NC 27608
(919) 782-1441
jmills@bdppa.com

Kevin J. Stoops
Sommers Schwartz, P.C.
One Town Square, 17th Fl
Southfield, MI 48076
(248) 355-0300
kstoops@sommerspc.com

Jonathan Melmed
Meghan Higday
Melmed Law Group, P.C.
1801 Century Park East, Suite 850
Los Angeles, CA 90067
(310) 824-3828
jm@melmedlaw.com
mh@melmedlaw.com

*/s/ Michael D. Ray*

16